IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONYA LYNN MITCHELL,

    **Plaintiff,**

    v.

LIN HAA and SAI C. LIU,

    **Defendants.**

Case No. 24-2501-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff, appearing pro se, filed an Amended Complaint on December 31, 2024, against Defendants Lin Haa and Sai C. Liu contesting the lawful ownership of a parcel of land in Lenexa, Kansas. According to the Amended Complaint, all parties are citizens of Kansas. Defendants have not yet appeared. Plaintiff has filed a Motion for Immediate Possession of Property (Doc. 7), and a Motion to Expedite Ruling (Doc. 8) on her motion for immediate possession. As discussed below, this Court does not reach the merits of Plaintiff's motions because it must dismiss this action for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and must therefore have a statutory or constitutional basis for exercising jurisdiction.[1] The party seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper,[2] and "[m]ere conclusory allegations of jurisdiction are not enough."[3] The Court has an independent duty to assure itself

---

[1] *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

[2] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[3] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

of its own subject matter jurisdiction and can dismiss at any time sua sponte for lack of subject matter jurisdiction.[4]

In the original Complaint, Plaintiff invoked federal question jurisdiction pursuant to 28 U.S.C. § 1331.[5] When determining whether a claim arises under federal law pursuant to § 1331, the court "examine[s] the 'well pleaded' allegations of the complaint and ignore[s] potential defenses."[6] The Court can find "arising under" jurisdiction "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."[7] Here, even if the original Complaint was still operative, Plaintiff does not assert any cause of action that arises under a federal statute or the United States Constitution.

The Amended Complaint cites 28 U.S.C. § 1332, the diversity of citizenship statute. Diversity jurisdiction exists when the amount-in-controversy requirement is met and the parties are completely diverse.[8] "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[9] A party is only a citizen for diversity purposes in the state where he is domiciled,[10] and an individual can have only one domicile.[11] The Amended Complaint establishes that Plaintiff and both Defendants are domiciled in Kansas; thus, the parties are not diverse.

---

[4] *See, e.g.*, *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017); Fed. R. Civ. P. 12(h)(3).

[5] Doc. 1 at 3.

[6] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

[7] *Id.* (quoting *Anderson*, 539 U.S. at 6).

[8] 28 U.S.C. § 1332(a).

[9] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citations omitted).

[10] *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

[11] *Cressler v. Neuenschwander*, 930 F. Supp. 1458, 1462 (D. Kan. 1996).

Because Plaintiff's Amended Complaint establishes neither federal question nor diversity citizenship is present, this case must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that this case must be dismissed without prejudice for lack of subject matter jurisdiction. The Clerk is directed to enter judgment in favor of Defendants.

**IT IS SO ORDERED.**

Dated: January 30, 2025

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE